UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COU
EASTERN DISTRICT W
FILED

2014 MAR 25 P 2 13

JON A. SANFILIP
CLERK

LINDA REED, pro se
        Plaintiff,

V.

COLUMBIA ST. MARY HOSPITAL

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **14-C-0330**

Jury Demand

## COMPLAINT

1.     Plaintiff Linda Reed, pro se, as her Complaint, respectfully states:

2..     This action is brought pursuant to Americans with Disabilities act of 1990 ("title III")  and

("ADA"), and 42 U.S.C, 12181 et seq., 12182 et seq , and its implementing regulations 28 C.F.R. Part

36 and/or Section 504 Rehabilitation Act  29 U.S.C.  794; under federal law, specifically, 42 U.S.C.

1988; 42 U.S.C. § 1997; 18 U.S.C. § 1347 ; U.S.C 12203, U.S.C. 794,Title 18, U.S.C., Section 245 and

.Title 42, U.S.C., Section 14141

3..     Plaintiff believes this action is based on reasonable cause to believe that Columbia St. Mary's

Hospital  discriminated against a person or group of person, in violation of title III and that such

discrimination raises issues of general public importance.  42 U.S.C 12188(b)(1).  Defendant receives

section 504 federal funds.

<u>Jurisdiction and Venue</u>

4.     This Court has jurisdiction over this action pursuant to 42 U.S.C. 12188 (b) (1)(B) and 28 U.S.

C. 1331 and 1345.  This Court may grant equitable relief, monetary damages, and a civil penalty

1

pursuant to 42 U. S. C. 12188(b)(2) and 28 U.S.C. 2201 and 2202

Venue is proper in this District pursuant to 28 U.S.C. 1391, because a substantial part of the events or omission giving rise to this claim occurred in this District.

Parties

5.     Plaintiff Linda Reed, a 60 year old woman, is a qualified disabled person as defined by the Americans with Disability Act. Plaintiff has a physical and a mental impairment that substantially limits one or more major life activities, she has a history or record of such an impairment, she is a person who is perceived by others as having such an impairments; has a record of such impairment; and regarded as having an impairment 42 U.S.C. 12102 (2)

6.      Defendant Columbia St. Mary's Hospital (CSM) is a corporation or business entity of unknown form doing business in Milwaukee County at 2301 North Lake Dr. Milwaukee Wisconsin which is the location wherein the injuries and damages occurred. CSM is a "public entity" as define by ADA in relevant parts. Defendant at all times, acting through it duly authorized agents and employees, including nurses and doctors.

Facts

7.     On or about March 8, 2012 Plaintiff was voluntarily admitted to Colombia St. Mary's Hospital (CSM) Plaintiff was escorted to the hospital by her case manager. The case manager assisted with Plaintiff's admission and was plaintiff's only contact person for purposes of discharge and transportation.

BACKGROUND

8.     Plaintiff is a 60 years-old with Tardive Dyskinsa (TD) a neurological disorder, PTSD, bipolar disorder, and acute anxiety. Plaintiff has an easily-triggered startle response. She has involuntary movement in her body, limbs, including her hands and mouth and problems with her thinking and an uncontrollable impulse to move including pacing. Plaintiff is speech impaired. .Plaintiff disorder is

2

untreatable. She is a qualified individual with a disability within the meaning of all applicable statutes.

9.    . As a result, of Ms. Reed's disability, she used and relied on various communication techniques and/or other auxiliary aids and services for meaningful effective communication with people. Specifically, Plaintiff uses a computer which she typed words into and the computer would speak the words for her.

10.    The computer was battery operated. The Defendant stored the Plaintiff's computer behind the nurses station every night to charge the battery for Plaintiff next day use.. Plaintiff asked for her computer, the Defendant refused to give Plaintiff her property that she used to communicate with others.

11.    Plaintiff then wrote her request on a napkin and offered it to the staff on duty. Plaintiff alleges without provocation Defendant grabbed her and and put her into seclusion causing injury to her body.

12.    March 12, 2012 Plaintiff was summons to a discharge meeting. Plaintiff was unable to speak in a meaningful, effective manner. Defendant failed to give Plaintiff any means of accommodation for her disabilities.

13.    After the Doctor signed Plaintiff's discharge papers Plaintiff asked to used the telephone to call her case manager for transportation and assistance with discharge orders. Defendant refused to allow Plaintiff to use the telephone. .

14.    Plaintiff was escorted out of the hospital by two security guards. The security guard caused injuries to plaintiff's body.

15.    July, 2012 Plaintiff filed an informal complaint using CSM handout stating patients rights. Defendant failed to give Plaintiff information about the American with Disabilities Act.

16.    Plaintiff was discriminated against solely basis on her disabilities. If not for, the Defendant discrimination against Plaintiff , Plaintiff would not have been injured.

COUNT I ADA—REASONABLE ACCOMMODATION

3

17. The allegations of paragraphs 1-16 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

18. The Americans with Disabilities Act ("ADA) prohibits discrimination by public and private entities.

19. Title III of the ADA prohibits discrimination against people with disabilities. Defendant has discriminated against Plaintiff by affording her the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the facilities in a manner that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(l)(A)(ii).

20. Defendant has discriminated against Plaintiff by providing goods, services, facilities, privileges, advantages, or accommodations that are different or separate from that provided to other individuals. 42 U.S.C. § 12182(b)(l)(A)(iii).

21. Defendant has discriminated against Plaintiff by imposing or applying eligibility criteria that screen out or tends to screen out Plaintiff from enjoying Defendant's hospital.

22. Defendant has discriminated against Plaintiff by failing to modify their polices, procedures and practices in a reasonable manner when such modifications are necessary to ensure equal access for Plaintiff's mental and physical disabilities.

23. Defendant has discriminated against Plaintiff by failing to provide necessary auxiliary aids and services where provisions of such auxiliary services does not create an undue burden and would not fundamentally alter the nature of the good, services, facility, privilege, advantage or accommodation offered by Defendant.

24. Defendant has discriminated against Plaintiff by failing to remove neurological barriers which are invisble to the human eye, where such removal is readily achievable. Defendant failed to

4

dissemate non discrimation information to the public based on ADA and section 504.

25.    Defendant has discriminated against Plaintiff by failing to design and construct programs that are readily accessible to and usable by Plaintiff.

26.    Defendant's conduct constitutes violation of the ADA. Unless restrained from doing so, Defendant will continue to violate the law. Through their conduct, Defendant has caused and will continue to cause Plaintiff immediate and irreparable injury.

27.    As a proximate result of Defendant's violation of Plaintiff has been injured and emotional stress and distress.

       Wherefore, Plaintiff request relief as set forth below.

COUNT II SECTION 504

28.    The allegations of paragraphs 1-27. of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

29.    Section 504 of the Rehabilitation Act of 1973 U.S.C. 794 and the regulations prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that: "No otherwise qualified individual with a disability—shall, solely by reason other or his disability, be excluded for participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

30.    Defendant has received federal financial assistance at all relevant times.

31.    Through the acts and omissions alleged herein, Defendant has, solely because of Plaintiff's disabilities excluded Plaintiff from participation in programs and activities and denied Plaintiff the benefits of program and activities and subject Plaintiff to discrimination in violation to U.S.C. 794.

32.    Defendant's acts or omissions described herein violate the equal access and non discrimination

5

,provision of Section 504 and have resulted in injure to Plaintiff.

33.     As a proximate result of Defendant's violation of Section 504 Plaintiff has been injured and continue to be injured as set forth herein. This conduct, unless enjoined, will continue to inflict injuries for which Plaintiff have no adequate remedy at law.

34.     As a proximate result of Defendant's violation of Plaintiff has been injured and emotional stress and distress.

35.     Plaintiff is entitled to injuctive relief and reasonable attorney fee, expenses and costs U.S.C. 7949

        Wherefore, plaintiff prays for relief as set forth below.

## COUNT III RETALIATION

36.     The allegations of paragraphs 1-35 of the  Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

37..    Ms. Reed opposed the lack of accommodations for her disabilities; the lack of information about ADA;  and the deprivation of her personal property.

38.     Ms Reed opposed being denied her speech computer, her means of effective communication; placed in seclusion  and the use of a telephone without explanation.

39..    Plaintiff opposed the discriminatory practice or policy, she was subjected to  at the time and after the denial of her request. Ms. Reed's disabilities and her attempt to oppose the Defendant's practice or policy,  were the sole reasons for  her discrimination.

40.     Defendant  failed to simply give Plaintiff , her speech computer and allow her to used the telephone to make contact with her case manager for assistance.

41.     Defendant failed to provide Plaintiff with her primary request for accommodations which are recommended,approved and or suggested by ADA, Department of Justice and Section 504.

6

·42.    Defendant fail to offer Plaintiff any accommodations for her disabilities.

43.    It would have been possible, and reasonable, for the Defendant to permit her to use a telephone. Defendant intentionally discriminated and retaliated against Ms. Reed.

44.    Defendant failed to provide Plaintiff with accommodations that would allow her a truly meaningful equal opportunity to participate. Ms. Reed was discriminated against solely based on her disabilities.

49.    Reed contends that the permanent nature of her disabilities, it is a reasonable likelihood that she will be in Court and in the hospital again and that, if this occurred, she would be subjected to the same action again.

50.    As a proximate result of Defendant's violation of Plaintiff has been injured and emotional stress and distress.

Wherefore, plaintiff prays for relief as set forth below.

## Count IV
## (42 U.S.C. § 1983: FREE SPEECH AND DUE PROCESS)

51..    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here. Defendant violated of the plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

52.    Defendant failed to accommodate Plaintiff disabilities with effective, meaningful accommodations. Defendant do not leave open any alternative passages to communication.

53.    Defendant failed to adequately advise, notify, or inform persons (specially persons with mental disabilities) threatened with possible denial of violation of their requirements. Defendant is in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

7

·54.     The Defendant conduct is  irrational and unreasonable, imposing unjustifiable

restrictions on the exercise of protected constitutional rights. Because the Defendant conduct is

irrational and unreasonable, its application violates the due process guarantee of the Fourteenth

Amendment to the Untied States Constitution

55.     The Defendant conduct violates the Equal Protection Clause of the Fourteenth Amendment to

the United States Constitution by denying plaintiff free speech rights allowed to others in similar

situations and other protections of state and federal law.

56.     As a proximate result of Defendant's violation of Plaintiff has been injured and emotional stress

and distress.  Wherefore, plaintiff prays for relief as set forth below.

### Count V

### (42 U.S.C. SECTION 1983: EQUAL PROTECTION)

57.     . Plaintiff incorporates by reference paragraphs 1 – 55 as if fully set forth herein.

58.     The defendants conduct as applied or threatened to be applied, violates the Equal

Protection Clause of the Fourteenth Amendment. Specifically but not exclusively, the Defendant

creates three classes: Persons with disabilities accessing the hospitals and healthcare, persons wishing

to communicate with those disabled person, accessing the hospitals and healthcare  for the purposes of

encouraging them to advocate for their rights to reasonable accommodations and use the services, and

persons wishing to communicate with those trying to access the hospitals and healthcare for the

purposes of encouraging them to choose options other than utilizing the hosptial's accommodations and

services that might not work for them..

59.     These classifications have a direct bearing on the fundamental interest in free speech.

60.     Defendant has no compelling interest justifying the creation of these classes and cannot show

that these classifications are necessary to serve any legitimate governmental interest.

8

·61.    Defendant conduct singles out disabled persons, especially with speech impairment trying to

access healthcare as a class to be specifically isolated from speech, and correspondingly burdens the

speech of that class of persons wishing to encourage them to choose options. These classifications have

a direct bearing on the fundamental interest in free speech.

62.    The Defendant has no compelling interest justifying the creation of these classes and cannot

show that these classifications are necessary to serve any legitimate governmental interest.

63.    As a proximate result of Defendant's violation of Plaintiff has been injured and emotional stress

and distress.

WHEREFORE, plaintiff prays that this Court:

(a) Enter judgment against the defendant, to include general, compensatory and punitive damages;

(b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of

plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a temporary restraining order, and a preliminary and permanent injunction

enjoining Defendant, their agents, servants, employees, officers from discriminating against Plaintiff;

(f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to

42 U.S.C. §1988 and other relevant statutes; and,

(g) Order such other and further relief as the Court deems just and proper under the

circumstances.

Dated: March 24, 2014

## JURY DEMAND

Respectfully submitted,

Linda Reed pro se

9

9940 West Fond du Lac Avenue
Milwaukee Wisconsin 53224
lindareed1018@sbcglobal.net