# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LINDA REED,**

    Plaintiff,

    v.      Case No. 14-C-0330

**COLUMBIA ST. MARY'S HOSPITAL,**

    Defendant.

# DECISION AND ORDER

Pro se Plaintiff Linda Reed ("Reed") seeks leave to proceed *in forma pauperis* (ECF No. 3) on her action against Defendant Columbia St. Mary's Hospital ("Columbia") on claims arising from her hospitalization from March 8-12, 2012. Reed also filed a motion for appointment of counsel. (ECF No. 4.)

Paragraph two of Reed's Complaint cites numerous federal statutes, including two criminal statutes, 18 U.S.C. §§ 245 and 1347, and federal regulations implementing Title III of the Americans With Disabilities Act of 1990 ("Title III of the ADA"), 42 U.S.C. §§ 12181-12182. The claim portion of Reed's Complaint, alleging failure to accommodate/discrimination, relies on Title III of the ADA (Count I) and Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794 (Count II). It also includes a retaliation claim under the ADA and Rehabilitation Act (Count III); and civil rights claims under 42 U.S.C. § 1983 alleging violations of her right to freedom of speech and due process under the First and Fourteenth Amendments (Count IV) and the Equal Protection Clause of the Fourteenth Amendment (Count V).

Earlier this year, Reed filed an action against Columbia relating to the same time frame and similar facts. *See Reed v. Columbia St. Mary's Hospital,* No. 14-C-145 (E.D. Wis.) (the "145 action"). The 145 action was dismissed by Judge J.P. Stadtmueller on February 28, 2014, without prejudice for the failure of her federal claims to comply with Rule 8(a) of the Federal Rules of Civil Procedure, and for lack of jurisdiction.

The preclusive effect of Judge Stadtmueller's prior dismissal dictates that this suit must likewise be dismissed for lack of subject matter jurisdiction. "Collateral estoppel (issue preclusion) will bar relitigation of the grounds on which the [first] suit was dismissed." *Robinson v. Sherrod,* 631 F.3d 839, 843 (7th Cir. 2011). "[A] jurisdictional dismissal is res judicata on the jurisdictional issue." *Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999). When a plaintiff responds to a jurisdictional dismissal by filing a substantially similar complaint in federal court, the district court's earlier dismissal is binding. *Ricketts v. Midwest Nat. Bank,* 874 F.2d 1177, 1182 n. 4 (7th Cir. 1989); see also *Murry v. Gibbs*, No. 01-C-0550-C, 2001 WL 34379615, at *1 (W.D. Wis. Oct. 19, 2001) ("the doctrine of res judicata, or claim preclusion, bars petitioner from relitigating the issue of subject matter jurisdiction, after he was denied leave to proceed for that reason"). Because the plaintiff never appealed Judge Stadtmueller's dismissal order, that decision stands. A final adjudication on subject matter jurisdiction cannot be collaterally attacked. *Dexia Credit Local v. Rogan,* 602 F.3d 879, 883 (7th Cir. 2010) (citing *Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 152 (2009); *Kontrick v. Ryan,* 540 U.S. 443, 455 n.9 (2004)).

Because this Court lacks subject matter jurisdiction, Reed's request for leave to proceed *in forma pauperis*, her motion for appointment of counsel and this action are dismissed.

Furthermore, even if the claims in Reed's current Complaint were considered, Counts I and II, the portion of Count III that relies on the Rehabilitation Act, and Counts IV and V would be subject to dismissal for failure to state a claim. This Court has the power "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir.1999) (citing 28 U.S.C. § 1915(e)(2)(B)).

## Counts I-III

Reed advances failure to accommodate and retaliation claims under Title III of the ADA and under the Rehabilitation Act. Section 12182(a) states, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. A hospital falls within the definition of a public accommodation. *See* 42 U.S.C. § 12181(7)(F).

To state a claim under the ADA, a plaintiff must allege that: 1) she is an individual with a disability; and 2) she was discriminated against by a public entity. *See* 42 U.S.C. § 12182. An individual has a disability when she: (A) has a physical or mental impairment that substantially limits one or more major life activities; (B) has a record of

such impairment; or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

The only remedy for discrimination provided by Title III is injunctive relief for a plaintiff "who is being subjected to discrimination on the basis of a disability . . . or who has reasonable grounds for believing that such person is about to be subjected to discrimination." *See* 42 U.S.C. § 12188(a)(1); *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1075-76 (7th Cir. 2013) (regarding hotels). A plaintiff must plead (1) knowledge of the alleged ongoing violation; and (2) intent to return to the location of the alleged violations. *See id.*

Reed alleges that she is a qualified individual with a disability due to tardivedyskinesia,[1] PTSD ("Post Traumatic Stress Disorder"), bipolar disorder, and acute anxiety. (Compl. ¶ 8.) She is speech impaired and relies upon a battery-operated computer to communicate. She types in text and the computer reproduces the text

---

[1] Tardivedyskinesia is an involuntary movement disorder most often characterized by puckering of the lips and tongue, writhing of the arms or legs, or both. See http://www.merckmanuals.com/professional/psychiatric_disorders/schizophrenia_and_related_disorders (last visited June 27, 2014).

audibly. Because the computer must be recharged, during Reed's hospital stay the night nurses kept the computer behind the desk at the nursing station; Reed asked for the computer and the nurses refused to give it to her. She then wrote her request on a napkin and offered it to staff, and "without provocation" she was "grabbed and put in seclusion causing injury to her body." (Compl. ¶ 11.)

On March 12, 2012, she was summoned to a discharge meeting, was unable to speak in a meaningful effective manner, and Columbia failed to give her any means of accommodation. After the doctor signed the discharge papers, Reed asked to use the telephone to call her case manager for transportation and assistance with the discharge orders. Columbia refused to allow her to use the telephone, and she was escorted out of the hospital by two security guards. "The security guard caused injury to [the] plaintiff's body." (*Id.* at ¶ 14.) Reed also alleges that, due to the permanent nature of her disabilities, there is a reasonable likelihood that she will be in the hospital again and would be subjected to the same action again. (*Id.* at ¶ 49.)

Liberally construed, Reed alleges that Columbia failed to accommodate her disability by not returning her computer to her and by not allowing her to use the telephone to contact her case manager so she could obtain assistance with discharge instructions and leaving the hospital. While she has plead an intent to return, she has not plead knowledge of an on-going violation. Thus, she has not stated an arguable claim for relief under the ADA for failure to accommodate her disability/discrimination. (Count I).

The same facts form the basis for Reed's claims pursuant to section 504 of the Rehabilitation Act, which provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Courts within this circuit use precedent under the ADA to analyze Rehabilitation Act claims because the statutes are so similar. *See Garg v. Potter,* 521 F.3d 731, 736 (7th Cir. 2008). To state a claim under § 504 of the Rehabilitation Act, a plaintiff must allege that she was "subjected to discrimination under [a] program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see Jaros v. Ill. Dep't Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012) (listing the fourth element of such a claim as "the receipt of federal funds"). Reed alleges that Columbia has received federal financial assistance at all relevant times. (Compl. ¶ 30.) This allegation also fails to state a claim because Reed does not allege an ongoing violation.

With respect to retaliation, 42 U.S.C. § 12203(a)-(b) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the ADA and declaring it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or

enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of" ADA rights. Reed alleges that because she opposed the denial of her request for her speech computer she was placed in seclusion and denied the use of the telephone to contact her case manager for assistance.

Although the Court of Appeals for the Seventh Circuit has not issued a decision addressing whether § 12203(a) applies outside the employment context, the language of the statute is not limited to employment and the remedies provision in § 12203(c) refers expressly to Title III. *See McKee v. Madison Area Technical Coll.*, 13-CV-181-BBC, 2014 WL 2159257, at *6 (W.D. Wis. May 23, 2014) (regarding Title II of the ADA); *Torrence v. Advanced Home Care, Inc.,* 08-CV-2821, 2009 WL 1444448, at *5 (N.D. Ill. May 21, 2009) (stating "[i]t would make no sense for the remedies available under Title II (Section 12133) and Title III (Section 12188) to be available for violations of the anti-retaliation provisions if the ADA did not recognize retaliation claims in the context of Titles II and III."); *see also McInerney v. Rensselaer Polytechnic Inst.,* 505 F.3d 135, 139 (2d Cir. 2007) (noting that Title V retaliation claims may be "predicated on asserting one's rights under Title III.")

However, Section 794(d) of the Rehabilitation Act applies only to a "complaint alleging employment discrimination." 29 U.S.C. § 794(d); *see also Dyrek v. Garvey,* 334 F.3d 590, 597 n.3 (7th Cir. 2003) ("the standards set out in the ADA are used in determining whether a violation of the Rehabilitation Act occurred in the employment

context") (citing 29 U.S.C. § 794(d)). Therefore, Reed has failed to state an arguable claim for retaliation under the Rehabilitation Act. *See Maxwell v. S. Bend Work Release Ctr.,* 3:09-CV-008-PPS, 2011 WL 4688825, at *9 (N.D. Ind. Oct. 3, 2011). That portion of Count III relying on the Rehabilitation Act does not state a claim.

### Section 1983 Claims - Counts IV and V

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: a person acting under color of state law, i.e., a state actor, deprived her of a right, privilege, or immunity secured by the United States Constitution or federal law. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010). When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822 (7th Cir. 2009).

Reed was voluntarily admitted into the hospital and was escorted by her case manager. Reed's § 1983 claim fails because Columbia did not act under the color of state law. Columbia is a private party. *See id.* at 831.

### Conclusion

This action is dismissed for lack of subject matter jurisdiction. Reed is advised that repetitive filings based on the same factual circumstances will be deemed frivolous and may subject her to monetary sanctions and/or restrictions on her ability to file papers within this judicial circuit. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th

Cir. 1995).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reed's motion for leave to proceed *in forma pauperis* and her motion for appointment of counsel (ECF Nos. 3, 4) are **DISMISSED** for lack of jurisdiction;

This action is **DISMISSED** for lack of jurisdiction; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2014.

            **BY THE COURT:**

            _____
            **HON. RUDOLPH T. RANDA**
            **U.S. District Judge**