# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**LINDA REED,**

        Plaintiff,

    **-vs-**                 **Case No. 14-C-330**

**COLUMBIA ST. MARY'S HOSPITAL,**

        Defendant.

## DECISION AND ORDER

Following the issuance of the Court of Appeals' mandate vacating this Court's decision and order dismissing this action for lack of jurisdiction and remanding the case for further proceedings, *Reed v. Columbia St. Mary's Hosp.,* No. 14-2592, 2015 WL 1404327 (7th Cir. Mar. 30, 2015), this matter is before the Court on pro se Plaintiff Linda Reed's ("Reed") petition for leave to proceed in forma pauperis ("IFP") in this action alleging disability-related discrimination and retaliation by Defendant Columbia St. Mary's Hospital ("Columbia") during her March 2012 stay there, and her motion for appointment of counsel. (ECF Nos. 3, 4.)

### *Leave to Proceed IFP*

In order to authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of

commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). The Court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

By her petition and affidavit to proceed IFP, Reed avers that she is single and receives $106 in public assistance and $973 in disability compensation each month. Reed owns a 2008 Honda Accord worth $3,000, but owes $2,400 on the car. She has $93 in cash or in an account. Reed's monthly expenses of $974 are about $100 less than her monthly income. Reed has satisfied the requirements of 28 U.S.C. § 1915(a) by demonstrating that she is unable to pay the $350 filing fee for this action.

The Court of Appeals' decision addresses the five claims in Reed's Complaint: failure to accommodate/discrimination in violation of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12182 (Count I) and Section 504 of the Rehabilitation Act (the "Rehabilitation Act"), 29 U.S.C. § 794 (Count II); retaliation for engaging in protected activity in violation of the ADA and Rehabilitation Act (Count III); violation of freedom of speech and due process rights under the First and Fourteenth

Amendments actionable pursuant to 42 U.S.C. § 1983 (Count IV); and, violation of the Equal Protection Clause of the Fourteenth Amendment actionable pursuant to 42 U.S.C. § 1983 (Count V). The following factual allegations of the Complaint are taken as true.

Reed has tardive dyskinesia, a neurological disorder that causes involuntary facial and limb movements and makes speaking difficult, requiring Reed to use a battery-operated computer to communicate; post-traumatic stress disorder; bipolar disorder; and acute anxiety.

In March 2012, Reed went to Columbia hoping to obtain alternative treatment for her disorders rather than the psychotropic medications she was taking. Overnight Reed gave her computer to the nurses so that its battery could be charged behind the nursing station. On one occasion the nurses refused Reed's request to bring her computer from where it had been charging. When she repeated her request, the staff retaliated against her by grabbing her and throwing her into a "seclusion room." Staff members summoned Reed to a meeting with a doctor to discuss her discharge and, still without her computer, she was unable to communicate. When Reed was discharged, her request to call her case manager was refused by hospital staff, again because of her disabilities. To retaliate further, the hospital staff had Reed escorted out of the hospital by security

guards, who injured her in the process.

Reed's Complaint states arguable claims for relief for violation of Title III of the ADA and the Rehabilitation Act, *see Reed, 2*015 WL 1404327 at *4, and, therefore, she will be allowed to proceed against Columbia on Counts I, II and III.

However, Reed's § 1983 claims fail to state a cause of action because the Complaint gives no indication that Columbia acted under the color of state law. *See id.* Therefore, Counts IV and V are dismissed without prejudice. The Court is aware that "[w]hen a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). Leave to amend need not be granted, however, if it is clear that any amendment would be futile. *Garcia v. City of Chi.,* 24 F.3d 966, 970 (7th Cir. 1994).

In this case, even if Reed could plead that Columbia receives federal funds, "[t]he receipt of federal funds alone is not sufficient to establish state action." *Schwerdtfeger v. Alden Long Grove Rehab. & Health Care Ctr., Inc.,* Case No. 13 C 8316, 2014 WL 1884471, at *5 (N.D. Ill. May 12, 2014) (quoting *Turner v. Jackson Park Hosp.,* 264 Fed. Appx. 527, 530 (7th Cir. 2008)). Thus, at this juncture, Reed will not be given leave to amend

Counts IV and V of her Complaint.

Accordingly, Reed's petition for leave to proceed IFP is granted, and she will be allowed to proceed on Counts I, II, and III of her Complaint.

### *Appointment of Counsel*

Reed also filed a motion for appointment of counsel stating that she cannot afford to pay an attorney. She names three attorneys who declined to represent her in this action. "Although '[t]here is no right to court-appointed counsel in federal civil litigation,' *Olson v. Morgan,* 750 F.3d 708, 711 (7th Cir. 2014), a district court has discretion to recruit counsel to represent an indigent plaintiff under 28 U.S.C. § 1915(e)(1)." *Henderson v. Ghosh,* 755 F.3d 559, 564 (7th Cir. 2014). If, as here, a plaintiff has made a reasonable attempt to obtain counsel, the Court asks, "given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?" *Santiago v. Walls,* 599 F.3d 749, 761 (7th Cir. 2010) "The question is whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007). The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

While Reed has the ability to communicate well in writing and has demonstrated that she is able to present her claims and make written arguments, the impairment of her verbal communication abilities would significantly limit her ability to engage in activities inherent in federal litigation such as conferring with opposing counsel, participating in court conferences, questioning witnesses during depositions or at trial, and making and responding to evidentiary objections during such proceedings. Adjustments could be made, but Reed's inability to communicate verbally and her use of a computer to assist her could significantly impair her ability to perform many tasks throughout this litigation; therefore, the Court will attempt to recruit counsel to represent Reed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reed's petition for leave to proceed IFP (ECF No. 3) is **GRANTED**;

Counts IV and V are **DISMISSED** without prejudice for failure to state a claim;

The United States Marshal must **SERVE** a copy of the Complaint and the attachments, the summons, and this Decision and Order upon Columbia pursuant to Federal Rule of Civil Procedure 4. Reed is advised that Congress requires the United States Marshals Service to charge for

making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service because IFP plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Reed is **NOTIFIED** that from now on she is required, under Federal Rule of Civil Procedure Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. *See* Fed. R. Civ. P. 5(b). If Reed does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney. Reed is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Reed's motion for recruitment of counsel (ECF No. 4) is **GRANTED** to the extent that the Court will attempt to recruit counsel to represent her in this action.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**