UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LINDA REED,

        Plaintiff,

v.

COLUMBIA ST. MARY'S HOSPITAL,

        Defendant.

C.A. No. 14-C-330

## APPELLATE COUNSEL WILLIAM J. COOPER'S
## MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL

Attorney William J. Cooper, having been appointed by the U.S. Court of Appeals for the Seventh Circuit as appellate *pro bono* counsel to plaintiff Linda Reed, respectfully submits this motion to withdraw as counsel now that this case has been remanded to this Court. Mr. Cooper also respectfully requests that the Court adjourn the status conference currently scheduled for March 25, 2019, pending consideration of this motion.

### BACKGROUND

Ms. Reed alleges that, while she was a patient there in March 2012, defendant Columbia St. Mary's Hospital ("the Hospital") discriminated against her on the basis of disability in violation of federal law and failed to afford her patient rights guaranteed by state law. *See generally* Dkt. 37 (Amended Complaint). Ms. Reed filed this suit *pro se* in March 2014, bringing claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and other federal

statutes. *See generally* Dkt. 1 (Complaint). The case was assigned to the Honorable Rudolph T. Randa. When Ms. Reed moved for leave to proceed *in forma pauperis*, the Court dismissed her complaint. Dkt. 8. Ms. Reed appealed *pro se* and the Seventh Circuit reversed and remanded. *See Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 336-37 (7th Cir. 2015).

On remand, Judge Randa appointed attorney Priya Barnes to represent Ms. Reed. Dkt. 28. In the still-operative Amended Complaint, Ms. Reed brought claims under the ADA, the Rehabilitation Act, and Chapter 51 of the Wisconsin Statutes. *Id.* ¶¶2, 28-63. On August 2, 2016, this case was reassigned to the Honorable J.P. Stadtmueller. *See* Text Entry (Aug. 2, 2016). On February 15, 2017, this Court granted summary judgment for the Hospital. Dkt. 60.

Ms. Reed again appealed. Dkt. 64. On November 21, 2017, the Seventh Circuit granted Ms. Reed's motion for appointment of counsel and appointed Mr. Cooper to represent Ms. Reed for the limited purpose of her appeal. Dkt. 85.

On February 8, 2019, after briefing and oral argument, the Seventh Circuit reversed and remanded. *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473 (7th Cir. 2019). The mandate issued on March 4, 2019. Dkt. 86. The next day, this Court scheduled a telephonic status conference for March 25, 2019. Dkt. 87.

## **ARGUMENT**

Because the appellate proceedings for which he was appointed have concluded, and because he and his law firm are not in a position to represent Ms. Reed in district court proceedings, Mr. Cooper respectfully moves to withdraw as counsel.

Mr. Cooper lives and works in Washington, D.C., and has never practiced in Wisconsin or this District. He was appointed for purposes of Ms. Reed's appeal, which has now concluded. *See* Wis. Sup. Ct. R. Prof'l Conduct 20:1.2(c) ("A lawyer may limit the scope of the

2

representation if the limitation is reasonable under the circumstances and the client gives informed consent.").

Extending Mr. Cooper's representation to litigation in this Court would impose a significant burden on him and his law firm. *See* Wis. Sup. Ct. R. Prof'l Conduct 20:1.16(b)(6), (b)(7) (lawyer may withdraw if "the representation will result in an unreasonable financial burden on the lawyer" or "other good cause for withdrawal exists"). Mr. Cooper was able to represent Ms. Reed *pro bono* on appeal because briefing and arguing the case required only one trip to Chicago for oral argument, and all communications with Ms. Reed and opposing counsel could take place via email and telephone. Providing high-quality representation in this Court up to and including a potential trial, by contrast, would require frequent travel to Wisconsin to meet with Ms. Reed, attend court hearings, interview and prepare trial witnesses, otherwise get ready for trial, and eventually try the case.

Ms. Reed's interests likewise would be better served by counsel in a better position to provide thorough representation without undue burden. For that reason, the undersigned counsel will separately file a motion for appointment of counsel on Ms. Reed's behalf.

Finally, Mr. Cooper notes that he has continued informal settlement discussions with counsel for the Hospital following the Seventh Circuit's decision. Mr. Cooper is willing to continue to do so, subject to Ms. Reed's direction, until the Court grants this motion or appoints new counsel.

## **CONCLUSION**

For these reasons, appointed appellate counsel William J. Cooper respectfully asks for leave to withdraw as appointed *pro bono* counsel to plaintiff Linda Reed. Mr. Cooper also respectfully requests that the Court adjourn the status conference currently scheduled for March 25, 2019, pending consideration of this motion.

Dated: March 18, 2019

Respectfully submitted,

/s/ William J. Cooper

William J. Cooper (D.C. #1048306)
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2016 (telephone)
wcooper@mololamken.com

*Appellate Counsel for Plaintiff
Linda Reed*

4

Case 2:14-cv-00330-LA   Filed 03/19/19   Page 4 of 4   Document 89